IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARGARET WILSON, as Guardian and next friend to J.W., a minor child, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:09-cv-21-MEF ) |
| BILLY GENE DOSS, *et al.*, | ) (WO) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the Court on a Motion to Remand (Doc. # 12) filed on February 6, 2009 by Margaret Wilson ("Plaintiff"). On December 8, 2008, Plaintiff filed a lawsuit in the Circuit Court for Montgomery County, Alabama against defendants Billy Gene Doss ("Doss"), City of Montgomery, Art Baylor, William E. Herman and Jerry McQueen (collectively "Defendants") relating to Doss's inappropriate sexual conduct with J.W., a minor child, during the time Doss was employed by the City of Montgomery as a police officer. Plaintiff's complaint contained six counts, which consist of five state law claims and one federal law claim. The five state law claims include assault and battery (Count I), negligence/wantonness/ willfulness (Count II), intentional infliction of emotional and mental distress (Count III), negligent infliction of emotional and mental distress (Count IV), and negligent unskillfull [sic] conduct (Count V). Plaintiff also

alleges that four of the five defendants violated J.W.'s constitutional rights in violation of 42 U.S.C. § 1983 ("section 1983") in Count VI. Plaintiff asserted Count I against Doss, Counts II-V against all Defendants, and Count VI against the City of Montgomery, Art Baylor, William E. Herman and Jerry McQueen.

On January 7, 2009, defendants City of Montgomery, Art Baylor, William E. Herman and Jerry McQueen removed this action to federal court by invoking this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and §1441(b). On February 6, 2009, Plaintiff filed her Motion to Remand (Doc. #12), arguing that removal could only be proper under 28 U.S.C. §1441(c) and that this case is due to be remanded. The Court has carefully considered the applicable law and the arguments in support of and in opposition to the motion to remand. The Court finds that the motion is due to be DENIED because Defendants' removal was proper under 28 U.S.C. § 1441(b).

## II. DISCUSSION

**A. Introduction**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm. of Fla.*, 719 F.2d 1072, 1076 (11th Cir. 1983)*, cert. denied,* 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377.

When a case is originally filed in state court, a party may remove it if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). However, the non-moving party may move for remand, which will be granted if "it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c). Because removal jurisdiction raises significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095. When a case is removed from state court, the burden is on the party who removed the action to prove federal-court jurisdiction. *Id.*

**1. Statutory Removal**

A defendant's right to remove a case from state to federal court is statutory in nature. *See 14B Wright, Miller, & Cooper, Federal Practice and Procedure* § 3721 (3d ed. 1998). The present removal statute is §1441 of the Judicial Code ("section 1441"). 28 U.S.C. § 1441. Section 1441 permits removal of "any civil action brought in a State court." *Id.* Removal gives a defendant who has been sued in state court the right to substitute a federal forum in certain instances.

**a. Section 1441(b)**

Section 1441(b) sets forth removal jurisdiction in cases involving a federal question. It reads:

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right *arising under the Constitution, treaties or laws*

3

> *of the United States* shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (emphasis added). Thus, under section 1441(b), a civil action filed in state court may be removed to federal court if the claim is one "arising under" federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). In order to determine whether a complaint "arises under" federal law, a court must examine the "well pleaded" allegations of the complaint and ignore potential defenses. *Id.* A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of her own cause of action shows that it is based upon federal law or the Constitution. *Id.* As a general rule, a case is removable if the complaint affirmatively alleges a federal claim. *Id.*; *See also Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368 (11th Cir. 1998) (stating that a case "arises under" federal law, as required for federal question jurisdiction, if federal law creates the cause of action). In sum, section 1441(b) provides the basis of removal for a claim presenting a federal question.

### b. Section 1441(c)

Section 1441(c), in contrast, provides the basis of removal under a "separate and independent" theory. Under this theory, a "separate and independent" state law claim may be removed to federal court when the case contains a federal question cause of action and the state law claim is distinct. Section 1441(c) states:

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). Section 1441(c), therefore, allows defendants to append a state law claim to a federal question claim if the claims are so distinct that they could not constitute part of the same action.[1] Importantly, section 1441(c) limits its "separate and independent" removal to federal question cases.[2] *Am. Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1954).

Courts apply a single wrong test to determine whether a state law claim is "separate and independent" within the meaning of section 1441(c). "Separate and independent" federal claim jurisdiction does not exist under section 1441(c) when both federal and state causes of action are asserted as a result of a single wrong based on a common event or an interlocked series of transactions. *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951) (finding that there is no separate and independent claim under section 1441(c) where there is a single wrong to the plaintiff); *accord In re City of Mobile*, 75

---

[1] Scholars have noted the tension between section 1441(c) and section 1367(a). Section 1367(a) permits state law claims to attach to federal question claims on the theory that they are inextricably linked to the same underlying case or controversy. 28 U.S.C. § 1367(a); *see 14C Wright, Miller, & Cooper, Federal Practice and Procedure* § 3724 (3d ed. 1998).

[2] In other instances, a federal district court may exercise subject matter jurisdiction over civil actions in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction ("diversity jurisdiction") . *See* 28 U.S.C. § 1332(a). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount, currently in excess of $75,000, is met. *Id.*

F.3d 605, 608 (11th Cir. 1996) (holding that claims relating to injuries from a car crash plaintiff received from eluding police were not "separate and distinct" from a section 1983 claim against defendant city).  Section 1441(c) is inapplicable where there is only a single wrong, even if the defendant seeking removal may be responsible for only part of the single wrong.  *Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1347 (M.D. Ala. 2000).  "What is determinative is the singularity of the harm suffered by the plaintiff, and not the various theories of recoveries used to address or compensate for that harm."  *Id.* (citing *Rey v. Classic Cars*, 762 F. Supp. 421, 424 (D. Mass. 1991) (internal citations omitted).

### 2. Removal May Be Proper Under Section 1441(b) And Not Section 1441(c)

Sections 1441(b) and 1441(c) provide separate grounds for removal.  Section 1441(b) allows removal based upon federal question jurisdiction, while section 1441(c) allows removal under a "separate and independent" theory.  A court may find removal appropriate based upon section 1441(b) while finding that section 1441(c) is an inadequate basis for removal.  *See Belasco v. W.K.P. Wilson & Sons, Inc.*, 833 F.2d 277, 282 (11th Cir. 1987) (finding removal available under 1441(b) and improper under 1441(c)); *Williams v. Huron Valley Sch. Dist.*, 858 F. Supp. 97, 99 (E.D. Mich. 1994) (reasoning that both the plaintiff's state and federal claims were based on "a common nucleus of operative facts" and therefore removal under section 1441(b) was justified and removal was not justified under section 1441(c)).

**B. Present Action**

    **1. Plaintiff's Claims Arise From A Single Wrong**

In seeking remand, Plaintiff contends that J.W.'s state law claims are separate and independent from J.W.'s federal question claim and that J.W.'s case "***may only be*** removed to federal court under section 28 U.S.C. § 1441(c)."  (Doc. #15, pg. 1.) (emphasis in original).  Defendants argue that they properly removed the case to federal court under section 1441(b).  The Court agrees that removal is appropriate under section 1441(b).

Plaintiff premises her argument on her belief that J.W.'s claims arise from two distinct wrongs: (1) Doss's inappropriate sexual conduct with minor J.W. and (2) claims arising from the conduct of the remaining defendants in hiring and supervising Doss.  *See* Doc. #12, pg. 3.  Plaintiff's argument fails because Plaintiff alleges a single wrong: improper sexual conduct with minor J.W.  All of Plaintiff's claims are a result of the improper sexual conduct.  As previously explained, no "separate and independent" federal claim jurisdiction exists under section 1441(c) when both federal and state causes of action are asserted as a result of a single wrong.  *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951); *In re City of Mobile*, 75 F.3d 605, 608 (11th Cir. 1996).  Although Plaintiff asserts several causes of actions against different combinations of Defendants, the claims against City of Montgomery, Art Baylor, William E. Herman and Jerry McQueen do not constitute "separate and independent claims" under section 1441(c).  Accordingly, section 1441(c) is inapplicable to this case.

**2. Removal Proper Under 1441(b)**

Plaintiff's complaint contained a section 1983 claim, which states a basis for federal question jurisdiction.  Section 1441(b) provides removal jurisdiction for "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States."  Here, Plaintiff affirmatively alleged a federal cause of action under section 1983.  Accordingly, Defendants had a clear basis to remove this action.  Defendants properly removed the action under section 1441(b) on January 7, 2009.

### III.  CONCLUSION

For the reasons set for above, it is hereby ORDERED that Plaintiff's Motion to Remand (Doc. # 12) is DENIED.

DONE this the 14th day of August, 2009.

                                          /s/ Mark E. Fuller
                                CHIEF UNITED STATES DISTRICT JUDGE