IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARGARET WILSON, as Guardian and next friend to J.W., a minor child,<br><br>  Plaintiff,<br><br>v.<br><br>BILLY GENE DOSS, ART BAYLOR, WILLIAM E. HERMAN, JERRY MCQUEEN, and THE CITY OF MONTGOMERY,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 2:09-cv-21<br>)  (WO—Publish)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause comes before the Court on plaintiff Margaret Wilson's Motion to Admit Plea Transcript as Substantive Evidence (Doc. # 89). Wilson, acting on behalf of J.W., her child, asks the Court to admit defendant Billy Gene Doss's state criminal court guilty plea and sentencing transcripts as substantive evidence. She seeks to use the transcripts to press J.W.'s civil claims arising out of Doss's conduct. The defendants dispute the admissibility of this evidence, arguing that because Doss has a petition for habeas corpus relief pending, admitting the plea transcript would violate his Fifth Amendment privilege against self-incrimination. After considering the parties' briefs and holding a hearing on the matter, the Court will GRANT Wilson's motion (Doc. # 89) and

1

allow in the guilty plea and sentencing transcripts as substantive evidence during trial, subject to valid objections that may arise under the *Federal Rules of Evidence*.

## II. BACKGROUND

Billy Gene Doss is a former City of Montgomery employee who worked in the Montgomery Police Department as a School Bureau Officer. In 2007, he was charged in an eight-count indictment with various sex crimes[1] committed against students at the school in which he worked. Doss quickly pled guilty to all of the charges, and the Montgomery County Circuit Court sentenced him to 20 years in prison.

Margaret Wilson, a parent of one of Doss's victims, filed suit on her child's behalf against Doss and his former employer. To establish civil liability for claims arising from Doss's conduct, Wilson sought to compel Doss's deposition. Doss refused, claiming that his Fifth Amendment privilege against self-incrimination remains intact. Further complicating the matter, Doss claims that the lawyer representing him during his plea and sentencing rendered ineffective assistance by inducing him to plead guilty with the promise of a much more lenient sentence than what he received. (Doc. # 86 at ¶ 9.) To this end, he has a pending petition for a writ of habeas corpus in federal court. *See Doss v. Mitchem*, No. 2:11-cv-710-WHA (M.D. Ala.). Significantly, he has exhausted in state court all of his direct appeals of his criminal conviction, and the Alabama Supreme Court has denied certiorari. (Doc. # 86-5.)

---

[1] The indictment charged Doss with three counts of first degree attempted sodomy, four counts of enticing a child, and one count of first degree sexual abuse.

Since Doss refuses to testify, Wilson now seeks to have his guilty plea and sentencing transcripts admitted at trial as substantive evidence. Wilson contends that the *Federal Rules of Evidence* allow the evidence to come in and that Doss can no longer seek shelter under the Fifth Amendment's Self-Incrimination Clause. The defendants dispute this of course, countering that Doss's habeas petition "constitutes an 'appeal of conviction' and as such is 'inadmissible as substantive evidence.'" (Doc. # 90 at 2 (citing *Am. Economy Ins. Co. v. Rutledge*, No. 2:05-cv-840, 2006 WL 2827245 (M.D. Ala. Oct. 2, 2006); *Kitchens v. May*, 623 So. 2d 1082 (Ala. Crim. App. 1999)).)

### III. DISCUSSION

#### A. The Fifth Amendment's Self-Incrimination Clause

The Constitution presents the first obstacle for Wilson to hurdle before the Court will admit Doss's guilty plea and sentencing transcript. Under the Fifth Amendment's Self-Incrimination Clause, a defendant "shall [not] be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The defendants reason that since Doss could succeed on his habeas claim, which would likely result in a new trial, the Court cannot compel him to testify or admit his potentially constitutionally infirm plea colloquy.

This argument ignores the procedural posture of Doss's case. As a general rule, a party can use an earlier criminal conviction in a later civil action if both arise out of the same set of facts, *Cups v. Coal Co. v. Tenn. River Pulp & Paper Co.*, 519 So. 2d 932

3

(Ala. 1988), and if the criminal defendant pled guilty knowingly and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). A knowing and voluntary criminal conviction is inadmissible only "if appeal of the conviction is pending." *Kitchens v. May*, 623 So. 2d 1082, 1087 (Ala. Crim. App. 1993).

Doss has exhausted all of his direct appeals in state court, so his conviction is final. That a successful habeas claim would have the same *effect* as a successful direct appeal in state court does not mean that Doss's pending habeas action amounts to a pending appeal. *See Mitchell v. United States*, 526 U.S. 314, 315 (1999) (stating no privilege against self-incrimination exists once a "sentence has been fixed and judgment of the conviction has become final." (quoting *Reina v. United States*, 364 U.S. 507, 513 (1960) ("once a person is convicted he no longer has a privilege against self-incrimination."))). Indeed, the Supreme Court has made clear that habeas corpus proceedings are civil, not criminal, in nature. *See, e.g.*, *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) ("Our decisions have consistently recognized that habeas corpus proceedings are civil in nature."); *Murray v. Giarrantano*, 492 U.S. 1 (1989) (holding no right to counsel exists in habeas proceedings under Sixth Amendment, which applies only to criminal prosecutions); *Browder v. Director, Ill. Dep't of Corrections*, 434 U.S. 257, 269 (1978) ("It is well settled that habeas corpus is a civil proceeding."). Equally important, the Alabama Court of Criminal Appeals has rejected an argument similar to Doss's, holding that a person convicted of a crime who has exhausted his direct appeals

4

no longer holds the privilege against self-incrimination, even if he intends to seek post-conviction relief. *State v. Click*, 768 So. 2d 417, 420 (Ala. Crim. App. 1999).[2]

As for Doss's knowledge of his rights, the state trial court advised him of the privilege against self-incrimination that he once held. Doss then waived this right voluntarily by signing an "Explanation of Rights and Plea of Guilty." (*See* Doc. # 89-1.) Under the heading "Rights You Have and the Waiver of Your Rights," the document informed Doss that he had a pretrial right to remain silent and right not to testify at trial. (*Id.* at 2) Following this section was a portion in bold and all capital letters stating, "If you plead guilty, there will be no trial. *You will be waiving the rights outlined above . . .*" (*Id.* (emphasis added).) Doss swore to his knowledge of these rights and the voluntariness of his waiver of them in a section titled "Defendant's Statement of Waiver of Rights and Plea of Guilty." The pertinent portion read, in part:

> I further state to the court that I am guilty of the charge to
> which I am entering a plea of guilty, that I desire to plead
> guilty, that I made up my own mind to plead guilty, and that I
> knowingly, intelligently, and voluntarily waive my right to a
> trial in this case.

---

[2] In reaching this conclusion, the *Click* court quoted with approval a case from the Supreme Court of Oregon stating:
> [T]he question before us is whether a witness, who has been convicted
> of a crime and has exhausted his direct appeals from that crime,
> nevertheless possesses a privilege against self-incrimination and may
> refuse to answer questions about the crime, if he intends at some time in
> the future to attack his conviction through post-conviction or habeas
> corpus proeedings. We conclude that a witness does not possess a
> privilege against self-incrimination under those circumstances.

*State v. Barone*, 986 P.2d 5, 20 (1999).

(*Id.*)

The Supreme Court, moreover, has held that the privilege against self-incrimination applies only where the risk of self-incrimination is "real and appreciable," not "remote and improbable." *Brown v. Walker*, 161 U.S. 591, 599–600 (1896); *see also Rogers v. United States*, 340 U.S. 367, 372–73 (1951). Here, Doss cannot incriminate himself further: the state criminal court has already convicted him of the crime. *See Mitchell*, 526 U.S. at 326 ("where there can be no further incrimination, there is no basis for the assertion of the privilege.") And the state court did so based on his own admission of guilt, no less. To find that Doss has a "real and appreciable" chance of incriminating himself would require weighing in on the merits of his habeas claim, deciding that he would succeed on it, and speculate about whether he would plead guilty or take his case to trial once his case went back to state court.[3] That this Court will not do. As a result, the defendants' attempt to invoke Doss's Fifth Amendment rights as a way to keep out his plea and sentencing transcripts fails.

## B. Admissibility under evidentiary rules

The *Federal Rules of Evidence* similarly do not act as a conclusive bar to admitting Doss's plea and sentencing transcript. Generally speaking, an admission by a party-opponent is admissible evidence, not inadmissible hearsay. *See* Fed. R. Evid.

---

[3] This would essentially require the Court to hear and decided Doss's habeas case just to determine the admissibility of the transcripts. Not only would doing this deplete scarce judicial resources, it would also usurp the role of the district judge hearing Doss's habeas claim.

801(d)(2)(A). A statement is an admission by a party-opponent if "offered against a party and is . . . the party's own statement, in either an individual or representative capacity." Fed. R. Evid. 801(d)(2)(A). Here, Doss—a party to the case and an opponent of Wilson's—does not dispute that he made the statements in the plea and sentencing transcripts. The transcripts also identify who made each statement during the hearing, and the court reporter swore to the transcripts' accuracy. Accordingly, the federal evidentiary rules do not bar admission of the transcripts.[4]

### IV. CONCLUSION

After having considered the parties briefs and holding a hearing on the matter, it is hereby ORDERED as follows:

1. Wilson's Motion to Admit Plea Transcript as Substantive Evidence (Doc. # 89) is GRANTED. Doss's plea and sentencing transcript can be admitted as substantive, but not conclusive, evidence of his actions as they relate to Wilson's claims.

2. The defendants may submit a motion in limine before trial to limit parts of Doss's guilty plea and sentencing transcript as permitted under the *Federal Rules of Evidence*.

Done this the 19th day of April, 2012.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE

---

[4] Having said that, objections often arise before and during trial as to certain portions of generally admissible evidence. This Order, therefore, should not be construed as allowing in all parts of the transcript for all purposes during the trial.