IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARGARET WILSON, as Guardian and next friend to J.W., a minor child, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:09-cv-21-MEF |
| | ) | |
| BILLY GENE DOSS, *et al.*, | ) | (WO – Do Not Publish) |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants City of Montgomery, Art Baylor, William E. Herman, Jerry McQueen, Terry Reid, and John Carnell's (collectively, "City Defendants") Motion for Leave to File Third-Party Complaint, (Doc. #125), Plaintiff's Response in Opposition and Motion to Strike Defendants' Third-Party Complaint, or in the Alternative, Plaintiff's Motion to Sever or Try Separately (Doc. #137), and the City Defendants' Reply to Plaintiff's Opposition (Doc. #141). During a status conference held on November 7, 2012, the Court heard oral argument on these motions. Upon consideration of the parties' briefs, the arguments of counsel, and the record as a whole, the Court finds that the City Defendants' Motion for Leave to File Third-Party Complaint is due to be denied.

### I. INTRODUCTION

This case, which involves various state and federal claims arising out of the alleged sexual abuse of a minor, J.W., by Defendant and former City of Montgomery School Bureau Officer Billy Gene Doss ("Doss"), is presently set for a jury trial on December 10, 2012.

Plaintiff filed her original complaint,[1] which contained five state law claims and one federal law claim under 42 U.S.C. § 1983, in the Circuit Court of Montgomery County, Alabama on December 8, 2008.  (Doc. #1-4.)  Defendants removed this case to federal court on January 7, 2009. (Doc. #1.)  On August 14, 2009, this Court denied Plaintiff's motion to remand the state law claims to state court.  (Doc. #19.)  In denying the motion to remand, this Court found the removal of both state and federal claims appropriate under 28 U.S.C. § 1441(b), because the federal and state causes of action were asserted as a result of a single wrong—Doss's improper sexual conduct with J.W. (Doc. #19, at 7) (citing *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951); *In re City of Mobile*, 75 F.3d 605, 608 (11th Cir. 1996)). On October 24, 2012, the City Defendants moved this Court for leave to file a third-party complaint pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure against Linda Holmberg ("Holmberg") and American Behavioral Benefits Manager, Inc. ("American Behavioral").

## II. RELEVANT FACTS

When the claims in this case arose, Holmberg was a Licensed Professional Counselor employed by American Behavioral.  In January 2006, Holmberg provided counseling to Doss through the City of Montgomery's Employee Assistance Program ("EAP"); Doss was referred to Holmberg through the EAP for stress and performance issues.

During their counseling sessions, Doss told Holmberg that he wanted to hurt the

---

[1] Plaintiff amended her complaint on April 28, 2010, to add Terry W. Reid and John Carnell as defendants. (Doc. #46.)

children in his work environment. (Holmberg Dep., 40:4, Doc. #115-19).   On January 9,

2006, Holmberg made a recommendation to the City Defendants that Doss "be put on desk

duty away from his regular high stress environment for approximately two to three months"

and continue his weekly therapy sessions. (Pl.'s Ex. A, Doc. #137-1; Holmberg Dep.,

42:22–43:6, Doc. #115-19.)  After receiving Holmberg's recommendation of desk duty for

Doss, Defendant Sergeant William Herman ("Herman"), who was one of Doss's supervisors,

called Holmberg back at the instruction of Captain Jerry McQueen ("McQueen"), to inform

her that a psychiatrist would need to make the determination of whether light or desk duty

was necessary for Doss.  (Herman Dep., 108:20–109:10, Doc. #115-7.)  On that phone call,

Herman told Holmberg that there were no desk jobs available for Doss, and that absent a

recommendation of full duty from Holmberg, Doss would likely have to be placed on

administrative leave with pay for as long as he had leave, and without pay once his leave

expired.  (Herman Dep., 106:18–108:23, Doc. #115-7.)  Holmberg admitted that she felt

pressure from Herman, McQueen, and Terry Reid ("Reid") to get Doss back to work.

(Holmberg Dep., 57:10–18 & 59:16–22, Doc. #115-20.)

     At Holmberg's next meeting with Doss on January 12, 2006, Doss indicated to

Holmberg that if he was placed on administrative leave, he would not be able to work his

second job and would have a hard time paying his bills.  (Def.'s Ex. 8A, at 14, Doc. #115-

22.)  On January 12, 2006, Holmberg submitted a second recommendation to the City

Defendants that Doss be placed on full duty.  (Pl.'s Ex. B, Doc. #137-2; Holmberg Dep.,

60:4–10, Doc. #115-20.)

## III. DISCUSSION

Federal Rule of Civil Procedure 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  However, a defending party must obtain leave from the court to file a third-party complaint more than fourteen days after serving its original answer.  Fed. R. Civ. P. 14(a)(1).

Although the Court recognizes the liberal spirit of Rule 14, it is also aware that "whether a third-party defendant may be impleaded under Rule 14 continues to be a question addressed to the sound discretion of the trial court."  Wright & Miller, *Federal Practice and Procedure: Civil*, § 1443 (3d ed. 2010); *see also Southern. Ry. Co. v. Fox*, 339 F.2d 560, 563–64 (5th Cir. 1964)[2] ("[I]f it appears that in the exercise of its discretion the trial court acted on an erroneous theory (in dismissing the third-party complaint), then the case must be referred back to that court for further consideration based upon the proper rules.").  In its brief in opposition, Plaintiff directed the Court to the factors listed in *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 237 F.R.D. 679, 681–82 (N.D. Okla. 2006), which this Court finds instructive in reaching its decision.  These factors include: (1) prejudice to the parties; (2) the status of discovery; (3) the defending party's delay in seeking leave to file

---

[2]  In *Bonner v. City of Prichard*, *Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

a third-party complaint; (4) judicial economy or efficiency; (5) avoidance of delay in the

underlying trial; and (6) whether discovery favors separate trials. *Id.*

In support of their request to file a third-party complaint against Holmberg and

American Behavioral, the City Defendants argue that Holmberg acted with deliberate

indifference to a known risk of harm to J.W. by submitting her second recommendation to

the City Defendants, which she knew would be relied upon by the City Defendants in

determining Doss's fitness for full duty in the school district.  The City Defendants contend

that they had no knowledge of Holmberg's appreciation for the risk that Doss presented to

minors until Plaintiff's counsel deposed her on September 6, 2012.   The City Defendants

further contend they had no knowledge that Holmberg "falsified" her second assessment of

Doss's fitness for duty until Holmberg's deposition on September 6, 2012.

Counsel for the City Defendants asserted at the November 7, 2012 status conference

that very little additional discovery would be needed if this Court were to grant them leave

to file a third-party complaint against Holmberg and American Behavioral, since Holmberg

has already participated in depositions in her capacity as a fact witness, and thus the trial

continuance would be minimal.  In sum, the City Defendants assert that judicial resources

would be saved if this Court either (1) grants them leave to file a third-party complaint and

continues the trial or (2) grants their motion and stays or severs their claim against Holmberg

and American Behavioral and tries that claim separately from Plaintiff's claims.

Plaintiff argues in opposition that "the benefits of allowing the [City Defendants'

third-party] claim to proceed is strongly outweighed by the prejudice to the Plaintiff at this late stage in the litigation process." (Doc. #137, at 2.) Plaintiff points out that this trial date was set specially so that J.W. could be present for the trial before deploying for a tour of military service. Plaintiff further argues that it is "disingenuous at best for the [City] Defendants to . . . assert to the Court that they did not have any knowledge of these issues when the original complaint was filed" given that the City Defendants received two separate contradictory reports from Holmberg within six days time. (Doc. #137, at 3.)

The Court finds that the original action would be unduly prejudiced if trial in this case, set specially to accommodate J.W.'s military deployment schedule, is delayed any further. The Court disagrees with the City Defendants that judicial resources would be conserved if it is allowed to file a third-party complaint at this late stage in the litigation process. Although it is true that Holmberg has participated in discovery up to this point, she has only done so in her capacity as a fact witness, not as a party-defendant. Adding claims against Holmberg and American Behavioral at this stage in the proceedings would require continuing the trial and would unnecessarily complicate the discovery in this case.

Moreover, the Court finds that the City Defendants will not be unduly prejudiced by this Court's decision to deny leave to file a third-party complaint against Holmberg and American Behavioral. The City Defendants will be able to seek indemnification from Holmberg and American Behavioral in a separate state court action in the event Plaintiff prevails at trial.

For the foregoing reasons, it is hereby ORDERED that:

(1) The City Defendants' Motion for Leave to File Third-Party Complaint (Doc. #125) is DENIED; and

(2) Plaintiff's Motion to Strike Defendants' Third-Party Complaint, or in the Alternative, Plaintiff's Motion to Sever or Try Separately (Doc. #137) is DENIED as MOOT.

DONE this the 9th day of November, 2012.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE