IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUDSON WILSON, | ) |
|     Plaintiff, | ) |
| v. | ) CASE NO. 2:09-cv-21-MEF |
| BILLY GENE DOSS, *et al.,* | ) (WO – Do Not Publish) |
|     Defendants. | ) |

# ORDER

Before the Court are Plaintiff's Motion for Entry of Final Judgment (Doc. #150) and Plaintiff's Emergency Motion to Stay (Doc. #151). Pursuant to Rules 54(b) and 58 of the Federal Rules of Civil Procedure and the reasons set forth below, both motions are due to be GRANTED.

### I. PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT

Plaintiff's Motion for Entry of Final Judgment requests that the Court enter final judgment pursuant to Rule 54(b) as to Defendants City of Montgomery, Art Baylor, Terry Reid, Jerry McQueen, William E. Herman, and John Carnell (collectively, the "City Defendants"). Plaintiff Judson Wilson ("Plaintiff") seeks an entry of final judgment so that he may immediately appeal the Court's Memorandum Opinion and Order (Doc. #149), which granted summary judgment in favor of the City Defendants and against Wilson on all claims asserted by Plaintiff against the City Defendants.

Following the issuance of the Court's Memorandum Opinion and Order (Doc. #149), the only claims pending in this case are against Defendant Billy Gene Doss, who is

incarcerated and not participating in the defense of this case. Furthermore, the claims for which Doss is potentially liable would not be decisively influenced by any outcome for or against the City Defendants—the liability of each Defendant is specific to that Defendant's allegedly wrongful conduct and the causal relation of that conduct to Plaintiff's alleged injuries. Considering the foregoing, the Court finds that there is no reason to delay the entry of a partial final judgment, and therefore, the Court shall enter a final judgment as to the City Defendants only.

## II. PLAINTIFF'S EMERGENCY MOTION TO STAY

Plaintiff's Emergency Motion to Stay requests that the trial setting, currently set for December 10, 2012, and all pending deadlines for the case against Defendant Billy Gene Doss be stayed pending Plaintiff's anticipated appeal to the Eleventh Circuit Court of Appeals of the Court's Memorandum Opinion and Order granting summary judgment in favor of the City Defendants on all of Plaintiff's claims against them. In support of this motion, Plaintiff argues that the stay of the trial will serve the interest of judicial economy because if the Court's summary judgment order is reversed, in whole or in part, the claims against the City Defendants could be remanded for further proceedings, which could result in repeated litigation of potentially identical issues. Further, Plaintiff argues that Doss is incarcerated and has not yet participated in the defense of this case; thus, no party will be prejudiced by the stay of these proceedings pending the resolution of Plaintiff's anticipated appeal.

Given Plaintiff's representation to the Court that he will immediately appeal the

Court's Memorandum Opinion and Order granting summary judgment in favor of the City Defendants on all of Plaintiff's claims against them, the Court finds that it is in the interest of judicial economy and efficiency and that no party will be prejudiced by a stay of these proceedings pending resolution of Plaintiff's appeal. If Plaintiff fails to timely file a notice of appeal in accordance with the Federal Rules of Appellate Procedure, this stay will be lifted and the trial date immediately reset on the Court's next available trial term.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Entry of Final Judgment (Doc. #150) and Plaintiff's Emergency Motion to Stay (Doc. #151) are due to be and hereby are GRANTED. A partial final judgment will be entered separately. It is further ORDERED that the December 10, 2012 trial setting and all pending deadlines in this case are STAYED in accordance with the provisions of this Order. Plaintiff Judson Wilson's claims against Defendant Billy Gene Doss remain pending.

DONE this the 27th day of November, 2012.

                                                /s/ Mark E. Fuller
                                      UNITED STATES DISTRICT JUDGE